USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/7/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MIGUEL RIVERA, :
:
                Petitioner, :
: 07 Civ. 3577 (RMB) (AJP)
      -against- :
: **DECISION AND ORDER**
ROBERT ERCOLE, Superintendent, :
Green Haven Correctional Facility, :
:
                Respondent. :
:
------------------------------------------------------------x

**I.    Background**

On or about May 4, 2007, Miguel Rivera ("Rivera" or "Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging his January 29, 2003 conviction following a jury trial in New York State Supreme Court, Bronx County, of second degree depraved indifference murder in violation of New York Penal Law § 125.25(2). On or about January 29, 2003, Petitioner was sentenced to 24-1/2 years to life imprisonment.

On February 10, 2005, the Appellate Division, First Department unanimously affirmed the conviction. People v. Rivera, 15 A.D.3d 247, 248, 789 N.Y.S.2d 158, 158-59 (1st Dep't 2005) ("The jury could have reasonably concluded that defendant . . . acted under circumstances evincing depraved indifference to human life when he impulsively began firing wildly in small grocery store, endangering numerous persons."). On June 21, 2005, the New York Court of Appeals denied leave to appeal. People v. Rivera, 5 N.Y.3d 768, 801 N.Y.S.2d 262 (2005).

The Petition alleges that: (1) "there was insufficient evidence presented at trial . . ." (Pet. ¶ 13 (citing Petitioner's Brief to the Appellate Division, First Department, dated Aug. 9, 2004 ("Pet. App. Br."), at 21); (2) trial counsel was ineffective because "failure of counsel to make

the appropriate motion [regarding insufficiency of the evidence] went to the very core of the case . . . " (id.); (3) certain improper statements by the prosecutor "[d]eprived [Petitioner] of his Constitutional right to a fair trial" (id.); and (4) the trial court erroneously rejected a jury charge incorporating a "proposal" by the "Advisory Committee on Criminal Law and Procedure to the Chief Administrative Judge" to amend Section 440.10 of the New York Criminal Procedure Law ("C.P.L.") "to provide that ineffective assistance of counsel claims be exempt from procedural bar[s] to collateral review" (id.).

On July 11, 2007, Respondent filed a Memorandum of Law opposing the Petition ("Resp. Mem.") arguing, among other things, that: (1) the claim of insufficient evidence is "procedurally barred from federal habeas corpus review" because Petitioner's counsel "did not move for [an appropriate] trial order of dismissal" (Resp. Mem. at 2); (2) Petitioner failed to establish ineffective assistance of counsel because he failed to establish that "but for counsel's unprofessional errors, the result of the proceeding would have been different" (id. at 10 (citation omitted)); (3) Petitioner's claim that he was denied a fair trial by the prosecutor's statements should be denied because the Appellate Division determined that the comments "in no way infected the trial with such unfairness as to render the resulting conviction a denial of due process", (id. at 15), and state adjudication of the claim was not "contrary to, or an unreasonable application of, clearly established federal law" under 28 U.S.C. § 2254(d)(1) (id. at 13); and (4) the Petitioner's claim that the lower court improperly rejected a proposed amendment of the C.P.L. is "not cognizable on federal habeas corpus review" because, among other reasons, the proposed amendment "was not adopted into the New York Criminal Procedure Law, and thus, does not constitute New York Law." (id. at 16.)

On July 23, 2007, Petitioner applied to amend the Petition to add the claim that "trial counsel failed to conduct a thorough investigation [that] [P]etitioner was shot eleven months

2

prior to the instant offense, by an individual who wore a jacket similar to the one worn by the victim." (Petitioner's Motion to Amend, dated July 23, 2007, at 3.) On July 31, 2007, Respondent opposed the motion to amend because, among other reasons, "[g]ranting petitioner's application to amend his habeas corpus petition to include the unexhausted claims raised in his second NYCPL § 440 motion would cause undue delay and be a waste of judicial resources." (Respondent's Opposition, dated July 31, 2007, at 4.)

On September 18, 2007, Magistrate Judge Andrew J. Peck, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that the Petition (and the motion to amend the Petition) be denied, as follows: (1) Petitioner's insufficient evidence claim is "procedurally barred from habeas review by adequate and independent state law grounds" because "counsel never specifically challenged the sufficiency of the evidence establishing depraved indifference murder at trial" (Report at 28, 33), and, in any event, "any claim regarding the sufficiency of the evidence of depraved indifference murder is meritless" because "[Petitioner]'s conduct of shooting a gun in a small store where several people were present, as well as his shooting the gun out on the open street, sufficiently demonstrates the recklessness and depraved indifference to human life required by the Penal Law" (id. at 40); (2) Petitioner cannot establish the prejudice element of his ineffective counsel claim under Strickland v. Washington, 466 U.S. 668, 687 (1984) (Report at 44); (3) "the rule forbidding 'bolstering' is a state law standard, and a claim that prosecutor's statements constituted improper bolstering does not present a federal constitutional claim cognizable on federal habeas review" (id. at 49); (4) "[t]he proposed C.P.L. amendment that [Petitioner] mentions was never adopted, and therefore does not constitute New York Law," and "[i]t is up to the legislature, not the courts, to amend the C.P.L." (id. at 53); and (5) "granting [Petitioner]'s

3

motion to amend his petition to add an unexhausted ineffective assistance of counsel claim would be futile" (id. at 62).

On or about December 6, 2007, Petitioner submitted timely objections to the Report ("Objections"). To date, the Respondent has not filed objections to the Report or any opposition to Petitioner's Objections.

**For the reasons set forth below, the Report is adopted in its entirety and the Petition is dismissed.**

## II. Standard of Review

The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, the petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of the Petition, Petitioner's Objections, the record, and applicable legal authorities, and finds that Judge Peck's determinations and recommendations are supported by the record and the law in all respects. See

4

Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Petitioner's Objections raise substantially the same arguments that Petitioner presented to Judge Peck and do not provide a basis for departing from the Report's recommendations.[1]

Judge Peck properly concluded that Petitioner's claim of insufficient evidence is procedurally barred from habeas review because "[Petitioner]'s counsel never specifically challenged the sufficiency of the evidence establishing depraved indifference murder at trial." (Report at 28). See Olivo v. Thorton, 05 Civ. 3237, 2005 WL 3292542, at *10 (S.D.N.Y. Dec. 6, 2005). Judge Peck also correctly determined, in the alternative, that Petitioner's insufficient evidence claim was "meritless" because "[Petitioner]'s conduct of shooting a gun in a small store where several people were present, as well as shooting the gun out on the open street, sufficiently demonstrates [evidence of] the recklessness and depraved indifference to human life required by the Penal Law." (Report at 40).

Judge Peck correctly concluded that "[b]ecause Rivera's sufficiency of the evidence claim is meritless, counsel cannot be found to be ineffective for failing to preserve a meritless claim" (Report at 43-44). See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Judge Peck properly determined that Petitioner's "claim that [the] prosecutor's statements constituted improper bolstering" is a state law claim that is not "cognizable on federal habeas review" (Report at 49). See Orr v. Schaeffer, 460 F. Supp. 964, 967 (S.D.N.Y. 1978).

Judge Peck correctly determined that the trial court properly declined to apply proposed changes to C.P.L. § 440.10(2), as "[i]t is up to the legislature, not the courts, to amend the C.P.L." (Report at 53). See In re Heller, 23 A.D.3d 61, 68, 800 N.Y.S.2d 207, 212 (2005).

---

[1] As to any portions of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically discussed in this Order have been considered de novo and rejected.

5

Finally, the Report properly denied as "futile" Petitioner's motion to amend his Petition to add an ineffective assistance of counsel claim based upon the theory that "trial counsel should have pursued a justification defense" (Report at 56). See Ramdeo v. Phillips, No. 04-CV-1157, 2006 WL 297462, at *4 (E.D.N.Y. Feb. 8, 2006). "Rivera had no reason to use deadly force against [the victim] inside the bodega, and certainly no justification for pursuing and shooting [the victim] outside the bodega as [the victim] ran away." (Report at 62.)

## IV. Certificate of Appealability

Because Petitioner has not made a "substantial showing of the denial of a constitutional right," the Court will not grant a certificate of appealability. 28 U.S.C. § 2253(c)(2); see Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this Order will not be taken in good faith. 28 U.S.C. § 1915(a)(3); see Van Stuyvesant v. Conway, No. 03 Civ. 3856, 2007 WL 2584775, at *1 (S.D.N.Y. Sept. 7, 2007); Thrower v. Laird, No. 06 Civ. 4864, 2007 WL 294096, at *1 (S.D.N.Y. Jan. 30, 2007).

## V. Conclusion and Order

For the foregoing reasons, the Court adopts the Report in its entirety. The Petition is dismissed and the Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
March 7, 2008

_____
**RICHARD M. BERMAN, U.S.D.J.**